UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

DOMINIC OGUEJIOFO and PIMA
SYSTEMS,

                Plaintiffs,        09 Civ. 1278

   -against-                       OPINION

OPEN TEXT CORPORATION,

                Defendant.

------------------------------------X

A P P E A R A N C E S:

       Pro Se

       DOMINIC OGUEJIOFO
       12 Redwood Street
       Jersey City, NJ  07305

       Attorneys for Defendant

       LOEB & LOEB LLP
       345 Park Avenue
       New York, NY  10154
       By:  Manny Caixeiro, Esq.

       LOEB & LOEB LLP
       321 North Clark Street, Suite 2300
       Chicago, IL  60654
       By:  Timothy Carroll, Esq.
            Matthew Carmody, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/14/09

**Sweet, D.J.**

The defendant Open Text Corporation ("Open Text" or the "Defendant") has moved pursuant to Rules 12(b)(1), 12(b)(3)-(6), 8(a)(2) and 9(b), Fed. R. Civ. P., and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., to dismiss the pro se complaint of plaintiffs Dominic Oguejiofo ("Oguejiofo" or the "Plaintiff") and Pima Systems ("Pima") (collectively, the "Plaintiffs"). Also pending before the Court are Defendant's motion to strike Oguejiofo's declarations and a motion to compel performance of an arbitration agreement between Pima and Open Text. Plaintiffs, in turn, have moved for summary judgment pursuant to Fed. R. Civ. P. 56. Based on the pleadings and the facts and conclusions set forth below, Open Text's motion to dismiss is granted, and all other motions currently pending in this action are denied as moot.

### I.  PRIOR PROCEEDINGS

Over three years ago, this Court dismissed Plaintiffs' complaint against Hummingbird Limited ("Hummingbird"), Open Text's predecessor-in-interest, in which Plaintiffs asserted breach of contract and fraud

1

claims related to the same set of events alleged here.  See Oguejiofo et al. v. Hummingbird Ltd., No. 06 Civ. 2145 (S.D.N.Y. June 30, 2006) ("Oguejiofo I").

Plaintiffs filed the instant complaint on February 13, 2009.  Open Text's motion to dismiss was heard and marked fully submitted on April 22, 2009, and its order to show cause seeking an order compelling arbitration was heard on May 27, 2009.  Plaintiffs' motion for summary judgment and Defendant's motion to strike were both marked fully submitted on June 10, 2009.

## II.  **FACTS**

This dispute involves an agreement between Plaintiffs and Hummingbird to distribute a Hummingbird software product, known as "Lawpack," in Nigeria. Plaintiffs allege that in or around March 2001, they and Hummingbird engaged in negotiations for Plaintiffs to distribute Lawpack, which resulted in what Plaintiffs describe as an oral contract.  Plaintiffs contend that in 2001, a $50,000 security deposit was paid to Hummingbird pursuant to this agreement.

Subsequently, in June 2001, Hummingbird and Pima entered into a distributor agreement (the "Distributor Agreement"). The Distributor Agreement contained two separate merger clauses, wherein the parties agreed that the Distributor Agreement "supersedes all prior agreements, negotiations, representations and proposals, whether oral or written between the parties." Pursuant to the Distributor Agreement, Plaintiffs were authorized to distribute certain Hummingbird software. Plaintiffs allege that the Distributor Agreement did not involve the sale of Lawpack, the distribution of which was covered by the earlier, oral agreement.

The Distributor Agreement also contained a mandatory arbitration clause, which provided:

> Should any dispute arise between Hummingbird and the Distributor under this Agreement, the parties agree to submit the matter to binding arbitration in accordance with the then current rules of the French Court of International Arbitration. . . . The arbitration shall be conducted in France and all proceedings shall be conducted in the French language.

In December 2001, Hummingbird discontinued the sale, maintenance, and support of Lawpack. Plaintiff

3

demanded a refund of the $50,000, claiming that Hummingbird breached its agreement by discontinuing sale of the software product. In 2006, Defendant informed Oguejiofo that they would not reimburse him for the pre-payment.

### III. THE RULE 12(b)(1) STANDARD

A claim is "properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "When jurisdiction is challenged, the plaintiff 'bears the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists . . . .'" Arar v. Ashcroft, 532 F.3d 157, 168 (2d Cir. 2008) (quoting APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003)). "Jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Potter, 343 F.3d at 623 (quoting Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998)). As such, the Court may rely on evidence outside the pleadings without converting the motion to one for summary judgment.

Robinson v. Gov't of Malay., 269 F.3d 133, 141 n.6 (2d Cir. 2001); Makarova, 201 F.3d at 113.

In addressing the present motion, the Court is also mindful that Oguejiofo is proceeding pro se. "Since most pro se plaintiffs lack familiarity with the formalities of pleading requirements, [courts] must construe pro se complaints liberally, applying a more flexible standard to evaluate their sufficiency than [they] would when reviewing a complaint submitted by counsel." Lerman v. Bd. of Elections in the City of N.Y., 232 F.3d 135, 139-40 (2d Cir. 2000). However, "pro se status 'does not exempt a party from compliance with relevant rules of procedural and substantive law,'" Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)), and the "duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it for him." Joyner v. Greiner, 195 F. Supp. 2d 500, 503 (S.D.N.Y. 2002).

**IV. THE COURT LACKS SUBJECT MATTER JURISDICTION**

As Plaintiffs' complaint, on its face, raises no question of federal law, subject matter jurisdiction in

5

this action must be based on diversity. See 28 U.S.C. § 1332(a). Diversity jurisdiction is only available, however, where the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). In determining whether the threshold amount in controversy has been met, courts recognize a "rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." Wolde Meskel v. Vocational Instruction Project Cmty. Servs., Inc., 166 F.3d 59, 63 (2d Cir. 1999). Indeed, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chi., 93 F.3d 1064, 1070 (2d Cir. 1996) (citation omitted).

This case is unusual in that Plaintiffs have clearly and unambiguously plead damages in the amount of $50,000, which falls short of the statutory requirement of $75,000. However, in his Declaration in Support of Motion to Grant Trial or Summary Judgment, Oguejiofo states that the total amount owed to Plaintiffs is approximately $89,000. Despite Oguejiofo's pro se status, it remains Plaintiffs' burden to demonstrate with a "reasonable probability" that

the amount in controversy threshold has been satisfied. See Scherer v. Equitable Life Assurance Soc'y, 347 F.3d 394, 397 (2d Cir. 2003).

Here, nothing in the Complaint, nor any of Plaintiff's supplemental filings, sets forth any allegations or facts supporting Plaintiffs' statement that the amount in controversy is actually $89,000, rather than the $50,000 described in the Complaint and its supporting documents. In light of Plaintiffs' failure to provide any basis on which the Court could conclude that the amount in controversy in this case exceeds the $75,000 statutory threshold, Plaintiff has not met this burden, and his claims are dismissed.

Of course, Oguejiofo is free to bring an action seeking recovery of the $50,000 prepayment in state court, or to file an amended complaint setting forth with greater specificity the basis for the additional $39,000 alleged in his motion for summary judgment.

Given the conclusion reached above with respect to this Court's lack of jurisdiction, the remaining motions are denied as moot.

**CONCLUSION**

Defendant's motion to dismiss the Complaint is granted.

It is so ordered.

New York, NY
October /⟵, 2009

ROBERT W. SWEET
U.S.D.J.