UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

DOMINIC OGUEJIOFO and PIMA SYSTEMS,

                Plaintiffs,        09 Civ. 1278 (RWS)

   -against-                           OPINION

OPEN TEXT CORPORATION,

                Defendant.

------------------------------------X

A P P E A R A N C E S:

    Attorneys for Plaintiffs

    MADUEGBUNA COOPER LLP
    110 Wall Street, 11th Floor
    New York, NY  10005
    By:  Samuel O. Maduegbuna, Esq.

    Attorneys for Defendant

    LOEB & LOEB LLP
    345 Park Avenue
    New York, NY  10154
    By:  Manny J. Caixeiro, Esq.

    LOEB & LOEB LLP
    321 North Clark Street, Suite 2300
    Chicago, IL  60654
    By:  Timothy J. Carroll, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-10-10

**Sweet, D.J.**

Plaintiffs Dominic Oguejiofo ("Oguejiofo" or the "Plaintiff") and Pima Systems ("Pima") (collectively, the "Plaintiffs") have moved for reconsideration or alteration of this Court's October 14, 2009 Opinion, pursuant to Local Civil Rule 6.3 and Fed. R. Civ. P. Rules 59(e) and 60(c), and for leave to file an amended complaint, pursuant to Fed. R. Civ. P. Rule 15(a). Defendant Open Text Corporation ("Open Text" or the "Defendant") has cross-moved to compel arbitration of Plaintiffs' claims and to strike the Declaration of Oguejiofo, and moved to strike the Reply Declaration of Oguiejiofo and the Declaration of Samuel O. Maduegbuna ("Maduegbuna"), Plaintiffs' counsel. Upon the facts and conclusions set forth below, Plaintiffs' motion for reconsideration or alteration is denied, Plaintiffs' motion for leave to amend is denied as to Pima and granted as to Oguejiofo, Defendant's cross-motion to compel arbitration is denied as to Oguejiofo and denied as moot as to Pima, and Defendant's remaining motions are denied.

1

**Facts and Prior Proceedings**

The facts and prior proceedings in this case are set forth in detail in the Court's October 14, 2009 Opinion. See Oguejiofo v. Open Text Corp., No. 09 Civ. 1278, 2009 WL 3334782, at *1-*2 (S.D.N.Y. Oct. 14, 2009). In the October 14 Opinion, Defendant's motion to dismiss was granted because Plaintiffs failed to satisfy the amount-in-controversy requirement under 28 U.S.C. § 1332(a)(1) and the Court therefore lacked subject matter jurisdiction. See id. at *3. The parties were not requested to submit judgment on notice, and no judgment has been entered in this case.

Of relevance to the instant motions is the fact that in 2001, Pima and Hummingbird Limited, Open Text's predecessor-in-interest, entered into a distributor agreement (the "Distributor Agreement") that contains two merger clauses providing that the Distributor Agreement "supersedes all prior agreements, negotiations, representations and proposals, whether oral or written between the parties." See id. at *1. The Distributor Agreement also contains the following mandatory arbitration clause:

2

> Should any dispute arise between Hummingbird and the Distributor under this Agreement, the parties agree to submit the matter to binding arbitration in accordance with the then current rules of the French Court of International Arbitration. . . . The arbitration shall be conducted in France and all proceedings shall be conducted in the French language.

See id.

Plaintiffs filed motions for reconsideration or alteration of the judgment and to amend their complaint on October 29, 2009. Defendant opposed the motions and filed its cross-motions on November 13, 2009. On December 24, 2009, Defendant filed its motion to strike the declarations submitted in support of Plaintiffs' Reply.

The instant motions were heard and marked fully submitted on February 3, 2010.

**Plaintiffs' Motion for Reconsideration or Alteration of the Judgment is Denied**

Motions for reconsideration under Local Civil Rule 6.3 and to alter or amend judgments under Rule 59(e) are evaluated under the same standard. See Word v. Croce, No. 01 Civ. 9614, 2004 WL 434038, at *2 (S.D.N.Y. Mar. 9, 2004); Williams v. New York City Dep't of Corr., 219 F.R.D.

3

78, 83 (S.D.N.Y. 2003). To receive reconsideration, "'the moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision.'" Word, 2004 WL 434038, at *2 (quoting Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)); see also Williams, 219 F.R.D. at 83; Borochoff v. GlaxoSmithKline PLC, No. 07 Civ. 5574, 2008 WL 3466400, at *1 (S.D.N.Y. Aug. 12, 2008) ("The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992))). Furthermore, "[r]econsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Montanile v. Nat'l Broad. Co., 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002) (quoting In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).

Similarly, relief under Rule 60(b) is only warranted if the defendant presents "highly convincing" evidence that demonstrates "extraordinary circumstances" justifying relief. James v. United States, 603 F. Supp. 2d 472, 478 (E.D.N.Y. 2009); United States v. Morales, No. 03 CV 4676, 2008 WL 4921535, at *3 (S.D.N.Y. Nov. 10, 2008) (quoting Gonzalez v. Crosby, 545 U.S. 524, 535 (2005)).

As a threshold matter, the Court did not request that the parties submit judgment on notice after the October 14 Opinion was entered. As a result, there is no judgment in this case to be altered or amended.[1] Plaintiffs' motion to alter or amend the judgment is therefore denied.

Plaintiffs' only argument for reconsideration or relief from the October 14 Opinion is that they lacked legal representation in earlier proceedings and have subsequently retained counsel. This is not a sufficient basis for reconsideration. Because Plaintiffs have not identified any facts or law that the Court overlooked, the motion for reconsideration is denied.

---

[1] The time for filing a motion under Rule 59(e) begins to run when judgment is entered. Since judgment was not entered on the October 14 Opinion, Plaintiffs' motions were timely filed.

5

**Plaintiffs' Motion for Leave to Amend is
Denied as to Pima and Granted as to Oguejiofo**

Rule 15(a) states, in relevant part, that "a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Leave to amend a complaint pursuant to Rule 15 should not be denied unless there is evidence of undue delay, futility, bad faith, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-movant. See Foman v. Davis, 371 U.S. 178, 182-83 (1962); Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 125 (2d Cir. 2008); Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001).

Here, any amendment by Pima would be futile, in light of the plain language of the Distributor Agreement. The merger clauses in Distributor Agreement are unambiguous and the Distributor Agreement therefore supersedes Pima's alleged oral agreement with Shell Petroleum Company (Nigeria) Limited. Since the arbitration clause applies to this dispute, the court lacks subject matter jurisdiction

6

over Pima's claim and any amendment by Pima would be futile. See Oguejiofo et al. v. Hummingbird Ltd., No. 06 Civ. 2145 (S.D.N.Y. June 30, 2006) (dismissing prior action arising from the same set of events alleged because the arbitration clause in the Distributor Agreement divested the Court of jurisdiction, among other reasons). The motion for leave to amend is denied as to Pima.

However, Plaintiffs' motion to amend is granted as to Oguejiofo, because the Distributor Agreement, including the arbitration clause that divests the court of jurisdiction and renders Pima's motion to amend futile, does not on its face apply to Oguejiofo, who is not a party to the Distributor Agreement.[2] Defendant also challenges Plaintiffs' allegations regarding the amount in controversy in this dispute. However, Defendant has not shown that it "appear[s] to a legal certainty that that the claim is really for less than the jurisdictional amount," Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961), and therefore has not provided sufficient evidence of "bad faith" on Oguejiofo's part to warrant denial of his motion.

---

[2] Defendant points out, and the Court has previously noted, that Oguejiofo may have disregarded Pima's corporate identity when he attempted to represent Pima in a pro se capacity. (Def. Opp. Br. 20.) However, Defendant does not argue that the Distributor Agreement applies to Oguejiofo, instead arguing that Oguejiofo has no standing because he is not a party to the Distributor Agreement. (Id.)

7

See Deutsch v. Hewes St. Realty Corp., 359 F.2d 96, 99 (2d Cir. 1966) (explaining that the good faith test is "but a linguistic variant" of the legal certainty test). The motion for leave to amend is granted as to Oguejiofo.

**Defendant's Motions are Denied**

Defendant's cross-motion to compel arbitration is denied as to Oguejiofo because, as discussed above, Oguejiofo is not a party to the Distributor Agreement. However, Defendant is free to argue when responding to the amended complaint that Oguejiofo and Pima are alter egos and that Oguejiofo is therefore subject to the Distributor Agreement, including the arbitration clause, and required to submit to arbitration.

Since Plaintiffs' motion for leave to amend was denied as to Pima, Defendants cross-motion to compel Pima to submit to arbitration is denied as moot.

While Plaintiffs are required to obtain leave to submit declarations in support of their motion for reconsideration or alteration, see Sys. Mgmt. Arts Inc. v. Avesta Techs., Inc., 106 F. Supp. 2d 519, 521 (S.D.N.Y.

8

2000), no such requirement applies to a motion to amend pursuant to Rule 15.  Defendant moves to strike the declarations because they contain objectionable testimony, citing cases in the summary judgment context.  (See Def. Opp. Br. 12; Def. Mem. 2-9.)  However, a motion to amend is more akin to a motion to dismiss, where the Court accepts all factual allegations as true, draws all inferences in favor of the pleader.  See Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993).  Defendant's motions to strike the declarations are therefore denied.

**Conclusion**

Upon the facts and conclusions set forth above, Plaintiffs' motion for reconsideration or alteration is denied, Plaintiffs' motion for leave to amend is denied as to Pima and granted as to Oguejiofo, Defendant's cross-motion to compel arbitration is denied as to Oguejiofo and denied as moot as to Pima, and Defendant's remaining motions are denied.

Oguejiofo is directed to file an amended complaint excluding Pima.

It is so ordered.

New York, NY
May 7, 2010

ROBERT W. SWEET
U.S.D.J.

10