```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X

DOMINIC OGUEJIOFO and PIMA SYSTEMS,

                Plaintiffs,          09 Civ. 1278 (RWS)

      -against-                      OPINION

OPEN TEXT CORPORATION,

                Defendant.

-----------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-10-10

A P P E A R A N C E S:

    Attorneys for Plaintiffs

    MADUEGBUNA COOPER LLP
    110 Wall Street, 11th Floor
    New York, NY  10005
    By:  Samuel O. Maduegbuna, Esq.

    Attorneys for Defendant

    LOEB & LOEB LLP
    345 Park Avenue
    New York, NY  10154
    By:  Manny J. Caixeiro, Esq.

    LOEB & LOEB LLP
    321 North Clark Street, Suite 2300
    Chicago, IL  60654
    By:  Timothy J. Carroll, Esq.

**Sweet, D.J.**

Defendant Open Text Corporation ("Open Text" or the "Defendant") has moved, pursuant to Local Civil Rule 6.3, for reconsideration of the portion of this Court's Opinion, dated May 10, 2010, granting Plaintiff Dominic Oguejiofo's ("Oguejiofo" or the "Plaintiff") motion for leave to amend the complaint. Upon the facts and conclusions set forth below, Defendant's motion is denied.

**Prior Proceedings**

The facts and prior proceedings in this case are set forth in detail in the Court's prior Opinions. See Oguejiofo v. Open Text Corp., No. 09 Civ. 1278, 2010 WL 1904022, at *1 (S.D.N.Y. May 10, 2010) (the "May 10 Opinion"); Oguejiofo v. Open Text Corp., No. 09 Civ. 1278, 2009 WL 3334782, at *1-*2 (S.D.N.Y. Oct. 14, 2009). In the May 10 Opinion, Plaintiffs' motion for reconsideration or alteration of the October 14, 2009 Opinion was denied, Plaintiffs' motion for leave to amend was denied as to Pima Systems ("Pima") and granted as to Oguejiofo, Defendant's cross-motion to compel arbitration was denied as to

1

Oguejiofo and denied as moot as to Pima, and Defendant's various motions to strike were denied.

Defendant now seeks reconsideration of the portion of the May 10 Opinion granting Oguejiofo's motion for leave to amend. The instant motion was marked fully submitted on June 9, 2010.

**Defendant's Motion for Reconsideration is Denied**

To prevail on a motion for reconsideration under Local Civil Rule 6.3, "'the moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision.'" Word v. Croce, No. 01 Civ. 9614, 2004 WL 434038, at *2 (S.D.N.Y. Mar. 9, 2004) (quoting Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)); see also Williams v. New York City Dep't of Corr., 219 F.R.D. 78, 83 (S.D.N.Y. 2003); Borochoff v. GlaxoSmithKline PLC, No. 07 Civ. 5574, 2008 WL 3466400, at *1 (S.D.N.Y. Aug. 12, 2008) ("The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to

2

correct a clear error or prevent manifest injustice.'" (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992))). "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Montanile v. Nat'l Broad. Co., 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002) (quoting In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).

In the May 10 Opinion, this Court held that any amendment by Pima would be futile, in light of the arbitration clause of the distributor agreement between Open Text's predecessor-in-interest, Hummingbird Ltd., and Pima (the "Distributor Agreement"), which divests the Court of subject matter jurisdiction over Pima's claim. See May 10 Opinion, 2010 WL 1904022, at *3. However, the motion to amend was granted as to Oguejiofo, because the Distributor Agreement was deemed not to apply to Oguejiofo, who was not a party to the Distributor Agreement. In a footnote, it was noted that although Oguejiofo might have disregarded Pima's corporate identity in his previous pleadings and statements, Open Text did not argue in its opposition to Oguejiofo's motion to amend that the Distributor Agreement

3

applied to Oguejiofo, opting instead to argue that Oguejiofo lacked standing because he was not a party to the Distributor Agreement. Id. at *3 n.2. For the same reason, Defendant's cross-motion to compel arbitration was denied as to Oguejiofo.

In the instant motion for reconsideration, Defendant argues that the portion of the May 10 Opinion at issue "was founded upon a misunderstanding of the facts and Open Text's legal arguments." (Def. Br. 4.) Specifically, Defendant contends that the Court overlooked its argument that Oguejiofo and Pima are alter egos and that Oguejiofo is therefore subject to the arbitration clause in the Distributor Agreement. However, as stated above, in its opposition to Oguejiofo's motion for leave to amend and its cross-motion to compel arbitration, Defendant did not argue that the Distributor Agreement applied to Oguejiofo, only clearly raising this argument in the instant motion. A motion for reconsideration "may not advance new facts, issues or arguments not previously presented to the court." Davis v. The Gap, Inc., 186 F.R.D. 322, 324 (S.D.N.Y. 1999) (quoting Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc., No. 86 CIV. 6447, 1989 WL 162315, at *3 (S.D.N.Y. Aug. 4, 1989)).

4

Defendant also contends that the Court failed to consider its argument that Oguejiofo's potential claims were futile. However, these arguments were previously litigated and resolved in the May 10 Opinion. A motion for reconsideration may not be used to relitigate issues already decided by the Court. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Defendant fails to demonstrate that the Court overlooked any controlling decisions or factual matters that were put before it on the underlying motion. Accordingly, Defendant has failed to satisfy the standard of Local Civil Rule 6.3.

**Conclusion**

Upon the facts and conclusions set forth above, Defendant's motion for reconsideration is denied.

It is so ordered.

**New York, NY**
**September __, 2010**

ROBERT W. SWEET
U.S.D.J.

5